UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TAMIKA A. MARSHALL O/B/O
"A.M.H.", an infant

                Plaintiff,

     v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

                Defendant.
_____

REPORT
and
RECOMMENDATION

16-CV-000174V(F)

APPEARANCES:        LAW OFFICES OF KENNETH A. HILLER
                           TIMOTHY HILLER, Of Counsel
                           Attorney for Plaintiff
                           6000 North Bailey Avenue
                           Suite 1A
                           Amherst, New York 14226

                           JAMES P. KENNEDY
                           ACTING UNITED STATES ATTORNEY
                           Attorney for Defendant
                           DAVID B. MYERS
                           Assistant United States Attorney, of Counsel
                           Federal Centre
                           138 Delaware Avenue
                           Buffalo, New York 14202, and

                           STEPHEN P. CONTE
                           Regional Counsel - Region II
                           United States Social Security Administration
                           Office of the General Counsel, of Counsel
                           26 Federal Plaza, Room 3904
                           New York, New York 10278

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

This action was referred to the undersigned by Honorable Lawrence J. Vilardo on October 26, 2016. (Dkt. No. 13). The matter is presently before the court on Plaintiff's motion for judgment on the pleadings filed on August 2, 2016 (Dkt. No. 9), and Defendant's motion for judgment on the pleadings, filed on September 29, 2016. (Dkt. No. 11).

## BACKGROUND

Plaintiff Tamika Marshall ("Plaintiff" or "Marshall") on behalf of her minor daughter ("A.M.H."), seeks review of Defendant's decision dated June 18, 2014 (R. 18-34), [2] wherein the ALJ determined that A.M.H. was not disabled under section 1614(a)(3)(c) of the Act.

Plaintiff filed an application for Supplemental Security Income Benefits ("SSI") under Title XVI of the Act on September 10, 2012 (R. 105), alleging that A.M.H. became disabled on April 6, 2012. (R. 18). In denying Plaintiff's application for disability benefits, Defendant determined that A.M.H. had the severe impairments of asthma, behavioral problems and a learning disorder. (R. 21). Defendant further determined that A.M.H.'s impairments did not meet or medically equal a listed impairment or combination of impairments within the Act's definition of impairment (R. 21), and found A.M.H. not disabled, as defined in the Act, at any time from the alleged onset date of

---

[2] "R" references are to the page numbers of the Administrative Record submitted in this case for the Court's review.

2

April 6, 2012 (R. 32), through the date of the Administrative Law Judge's decision on June 18, 2014. *Id.*

## **PROCEDURAL HISTORY**

On September 10, 2012, Plaintiff filed an application for supplemental insurance benefits under Title XVI of the Act. (R.105-10). Plaintiff's application alleging disability based on A.M.H.'s borderline intellectual functioning was initially denied by Defendant on November 28, 2012 (R. 65), and, pursuant to Plaintiff's request filed on January 24, 2013 (R. 69), a hearing was held before Administrative Law Judge Grenville W. Harrop, Jr. ("Judge Harrop" or "the ALJ") in Buffalo, New York. (R. 40-63). A.M.H. and her mother Plaintiff, represented by Kimberly T. Irving, Esq. ("Irving"), appeared and testified at the hearing. *Id.* The ALJ's decision denying the claim was rendered on June 18, 2014. (R. 18-34). On July 14, 2014, Plaintiff requested review of the hearing decision by the Appeals Council. (R. 14). The ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review on December 29, 2015. (R. 1-4). This action followed on February 26, 2016, with Plaintiff alleging that the ALJ erred by failing to find A.M.H. disabled. (Doc. No. 1).

On August 2, 2016, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a supporting memorandum of law (Doc. No. 9) ("Plaintiff's Memorandum"). On September 29, 2016, Defendant filed a motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Doc. No. 11) ("Defendant's Memorandum"). Oral argument was deemed unnecessary.

Based on the following, Defendant's motion should be GRANTED; Plaintiff's motion for judgment on the pleadings should be DENIED.

## FACTS[3]

A.M.H. was born on May 6, 2005 (R. 105), and was seven years old on September 10, 2012, the date that A.M.H.'s disability application was filed, and is therefore considered a school-aged child for disability review purposes.  20 C.F.R. § 416.926a(g)(2)(iv)(v).

Relative to the period of disability review in this case, on January 24, 2012, Tracy Sylvia ("Sylvia"), a school psychologist with the Buffalo Public Schools completed a psychological evaluation on A.M.H.  Sylvia noted that A.M.H.'s special education teachers Ms. Butler ("Butler") and Ms. Miller ("Miller"), administered the Weschler Intelligence Scale for Children-Fourth Edition ("WISC-IV") test[4] to A.M.H. and measured A.M.H.'s full-scale I.Q. at 88, a ranking within the twenty-first percentile nationally of children the same age as A.M.H.  A.M.H.'s verbal comprehension ranked in the nineteenth percentile nationally with perceptual reasoning[5] ranked in the thirtieth percentile nationally.  (R.140).

On September 10, 2012, Plaintiff completed a function report on A.M.H. and noted that A.M.H. was able to deliver phone messages, repeat stories, explain why she did something and talk with family and friends (R. 188), that A.M.H. did not have friends her own age, or have the ability to make new friends, was able to get along with adults

---

[3] Taken from the pleadings and the administrative record.
[4] WISC-IV Comprehension measures a child's verbal reasoning and conceptualization, verbal comprehension and expression, and the child's ability to evaluate and use past experience and demonstrate practical information.
[5] WISC-IV Perceptual reasoning measures a child's ability to visually perceive and organize information, nonverbal concept formation, visual-motor integration, and abstract categorical reasoning.

and teachers, play sports, zipper and button clothes, brush her teeth and hair, choose clothing, eat independently, pick up and put away her toys, but was unable to keep busy on her own, finish things that she started, work on crafts and art projects, complete homework, or complete chores.  (R. 190-92).

On October 5, 2012, special education teacher Dawn Murphy ("Murphy"), completed a Teacher Questionnaire on A.M.H. on behalf of the New York State Office of Temporary and Disability Assistance, and evaluated A.M.H. with no problems waiting to take turns and organizing school materials, slight problems paying attention when spoken to directly, sustaining attention during sports and play activities and completing homework assignments, obvious problems re-focusing when necessary, carrying out simple one-step instructions, completing work accurately and without careless mistakes and working at a reasonable pace, and serious problems focusing long enough to finish assigned activities or tasks, carrying out multi-step instructions, working without distracting others and changing from one activity to another, with no very serious problems.  (R. 206).

On November 7, 2012, Susan Santarpia, Ph.D., ("Dr. Santarpia"), completed a consultative psychiatric examination on A.M.H. noting that A.M.H. remained seated during the evaluation, demonstrated the ability to focus, execute, sustain attention and answer questions appropriately, exhibited intact attention and concentration and the ability to complete math calculations appropriate for her age, intelligible speech with age appropriate expressive and repetitive language, coherent and goal-directed thought processes, and demonstrated a full range of appropriate speech and thought content. Dr. Santarpia noted that A.M.H. reported that she was able to dress, bathe, and groom

herself at age-appropriate levels, assist in household chores, travel in her neighborhood, had hobbies that included playing with friends, and was able to interact appropriately with adults within normal limits.  (R. 293-96).

On November 28, 2012, J. Meyers, M.D. ("Dr. Meyers"), completed a Childhood Disability Evaluation Form on behalf of the Social Security Administration and evaluated A.M.H. with a less than a marked limitation to her ability to attend to and complete tasks, noted that A.M.H. was easily distracted and had difficulty focusing and following multi-step instructions, and noted that Dr. Santarpia opined that A.M.H. exhibited intact concentration and attention during Dr. Santarpia's psychiatric evaluation.  (R. 307).

On March 11, 2014, special education teacher Amanda Popovich ("Popovich"), completed a Teacher Questionnaire on A.M.H. and opined that A.M.H. had no problem paying attention when spoke to, sustaining attention during sports and play activities, carrying out simple one-step instructions, waiting to take turns, organizing school materials, changing from one activity to another, and working without distracting others, slight problems refocusing when necessary and carrying out multi-step instructions, obvious problems focusing long enough to finish assigned activities or tasks, serious problems working at a reasonable pace, and very serious problems completing work accurately without careless mistakes and completing her homework assignments.  (R. 251).

That same day, special education co-teacher Ms. Graves-Clark ("Graves-Clark"), completed a Teacher Questionnaire on A.M.H. and evaluated A.M.H. with very serious problems reading and comprehending written material, comprehending and doing math problems, serious problems understanding and participating in class discussions,

6

recalling and applying previously learned material and applying problem-solving skills in class discussions, obvious problems providing organized oral explanations and adequate descriptions, expressing ideas in written form, and learning new material, and no problem comprehending oral instructions. (R. 250).

During the administrative hearing on March 18, 2014, A.M.H. testified that she completed homework with her mother and friend, did not take medication, was able to comb her hair and teeth, bathe, select her own clothes, wash dishes and clean her room (R. 45-49), and that she enjoyed watching television. (R. 47). Plaintiff testified that her daughter's learning disability affected A.M.H.'s ability to read and complete math problems, and reported that A.M.H. was enrolled in special education classes for one year, had to repeat second grade and attended summer school. (R. 52-54). Plaintiff further testified that A.M.H. was suspended from school twice for hitting and being disruptive, was able to get along with her siblings and friends at school, was enrolled in regular gym class (R. 54), and did not take medication for her learning disability. (R. 55).

## DISCUSSION

**1. Disability Determination Under the Social Security Act**

An individual under the age of 18 is considered disabled and eligible for benefits when he or she has a medically determinable physical or mental impairment that results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or is expected to last for a period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). A three-step review process is used to evaluate whether

a child meets the statutory definition of disability.  20 C.F.R. § 416.924, *Myers ex rel. C.N. v. Astrue*, 993 F. Supp.2d 156, 160 (W.D.N.Y. 2012).  Similar to the disability requirements for adults, a child is entitled to disability insurance benefits in instances where the child has not engaged in substantial gainful activity, provides substantial evidence to establish an impairment that is severe, *i.e.*, causes more than a minimal functional limitation in accordance with 20 C.F.R. § 416.924(c), and meets or equals a listed impairment set forth under 20 C.F.R. Pt. 404, Subpt. P, Appendix 1 (the "Listings").  Equivalence to a listing may also be met by establishing a lack of medical or functional ability, *i.e.*, "functionality."  20 C.F.R. § 416.924(d).  Evaluation of functionality is informed by the claimant's ability to function in six main areas or "domains," that include the areas of acquiring and using information; attending and completing tasks; interacting and relating to others; moving about and manipulating objects; caring for oneself, and health and physical well-being.  20 C.F.R. § 416.926a(b)(1) ("§ 416.926a(b)(1)").  A finding of disability is warranted under § 416.926a(b)(1) in instances where substantial evidence establishes that the claimant has a "marked" limitation in any two listed domains, 20 C.F.R. 416.926a(a), and arises when several activities or functions are impaired, or when only one is impaired, as long as the degree of limitation is such that it seriously interferes with the claimant's ability to function independently, appropriately, effectively, and on a sustained basis based on the individual's age-based expectations.  20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 112.00(C).  Functional equivalence may also be established by providing substantial evidence that supports that a claimant's impairment results in an "extreme" limitation to the claimant's ability to function within a single area of domain.  *Id.*  Extreme limitations

"interfere[ ] very seriously with [a claimant's] ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(3)(i).

### Standard and Scope of Judicial Review

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion."  *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938).  The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence.  *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3).  "Congress has instructed . . . that the factual findings of the Secretary,[6] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

### B.   Substantial Gainful Activity

The first inquiry is whether the applicant engaged in substantial gainful activity. 20 C.F.R. § 404924(b).  In this case, the ALJ determined that A.M.H. had not engaged in substantial gainful activity since June 13, 2012, the A.M.H.'s application date.  (R. 21).  Plaintiff does not contest this determination.

---

[6] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

9

### C.   Severe Physical or Mental Impairment

The second step of the analysis requires a determination whether a disability claimant has a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 416.924(c). If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends. *Id.*

In this case, the ALJ determined A.M.H. had the severe impairment of asthma, behavioral problems and a learning disorder. (R. 21). Plaintiff does not contest this finding

### D.   Listing of Impairments, Appendix 1

The third step is to determine whether a claimant's impairment or impairments are listed in the regulations at Appendix 1 of 20 C.F.R. Pt. 404, Subpt. P, Appendix 1 ("The Listing of Impairments"). If the impairments are listed in the Appendix, and the duration requirement is satisfied, the impairment or impairments are considered severe enough to prevent the claimant from performing any gainful activity and the claimant is considered disabled. 20 C.F.R. §416.924(d). *Myers*, 993 F. Supp.2d 156 at 161(if a child's impairment meets or equals a listed impairment the child is considered disabled). In this case, the ALJ found A.M.H.'s impairments did not medical meet or equal a listed impairment. (R. 20). For purposes here, A.M.H. was seven years old on June 13, 2012, the date that A.M.H. filed her application for disability benefits, and is therefore considered a school-aged child under 20 C.F.R. § 416.926a(g)(2).

Although the ALJ notes the listed impairment of § 112.02 (Learning Disability), the ALJ's decision includes findings only on asthma (§ 103.03) and Mood Disorders (§ 112.04). The ALJ's failure to include findings on § 112.02 should be considered

harmless, however, as Plaintiff offers no evidence to support that Plaintiff meets the criteria for disability under § 112.02.  *See Wettlaufer v. Colvin*, 203 F.Supp.3d 266, 281 (W.D.N.Y. 2016) (ALJ's failure to address evidence is harmless error if consideration of evidence would not change ultimate conclusion).  Significantly, Plaintiff does not rely, either in support of Plaintiff's motion, or in opposing Defendant's motion, on A.M.H.'s learning disability.

In order to meet the criteria for disability under 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 112.04 ("§ 112.04") (Mood Disorders), a child's mood disorder must be characterized by a disturbance of mood (referring to a prolonged emotion that colors the whole psychic life, generally including either depression or elation), accompanied by a full or partial manic or depressive syndrome.  The criteria for disability under § 112.04 is met when the requirements of both A and B are satisfied:

    A. Medically documented persistence, either continuous or intermittent, of one of the following:
      1. Major depressive syndrome, characterized by at least five of the following:
        a. Depressed or irritable mood; or
        b. Markedly diminished interest or pleasure in almost all activities, or
        c. Appetite or weight increase or decrease, or failure to make expected weight gains; or
        d. Sleep disturbance; or
        e. Psychomotor agitation or retardation; or
        f. Fatigue or loss of energy; or
        g. Feelings of worthlessness or guilt; or
        h. Difficulty thinking or concentrating; or
        i. Suicidal thoughts or acts; or
        j. Hallucinations or delusions, or paranoid thinking;
      OR
      2. Manic syndrome, characterized by elevated, expansive, or irritable mood, and at least three of the following:
        a. Increased activity or psychomotor agitation; or
        b. Increased talkativeness or pressure of speech; or
        c. Flight of ideas or subjectively experienced racing thoughts; or
        d. Inflated self-esteem or grandiosity; or
        e. Decreased need for sleep; or

   f. Easy distractibility; or
   g. Involvement in activities that have a high potential of painful consequences which are not recognized; or
   h. Hallucinations, delusions, or paranoid thinking;
  OR
 3. Bipolar or cyclothymic syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently or most recently characterized by the full or partial symptomatic picture of either or both syndromes);
 AND
B. For older infants and toddlers (age 1 to attainment of age 3), resulting in at least one of the appropriate age-group criteria in paragraph B1 of 112.02; or, for children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 112.04 ("§ 112.04").

Paragraph B2 under 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 112.02B(2) ("§ 112.02B(2)") requires that children age 3 to attainment of age 18 also demonstrate at least two of the following:

 a. Marked impairment in age-appropriate cognitive function, documented by medical findings including consideration of historical and other information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized psychological tests, or for children under age 6, by appropriate tests of language and communication; or
 b. Marked impairment in age-appropriate social functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized tests; or
 c. Marked impairment in age-appropriate personal functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized tests; or
 d. Marked difficulties in maintaining concentration, persistence or pace.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 112.02d2(a)(b)(c)(d) ("§ 112.02d2").

In this case, the ALJ determined that A.M.H. did not meet or medically equal any listed impairments. The ALJ determined that A.M.H. had a marked limitation to A.M.H.'s ability to acquire and use information (R. 28), a less than marked limitation to attending to and completing tasks (R. 29), and no limitations to A.M.H.'s ability to interact and relate with others (R. 30), move about and manipulate objects (R. 31), care for herself (R. 32), and health and well-being (R. 33). Plaintiff contends that the ALJ erred in finding that A.M.H. had less than a marked limitation to A.M.H.'s ability to attend to and complete tasks as the ALJ inconsistently apportioned great weight to the opinions of A.M.H.'s teachers on A.M.H.'s ability to acquire and use information and less weight to identical teacher opinions, *see* Facts, *supra*, at 6-7; R. 206, 250-251 (referencing teacher evaluations by Graves-Clark, Murphy and Popovich), on the issue of attending to and completing tasks. Plaintiff's Memorandum at 14-19.

**Functional equivalence**

As previously discussed, Discussion, *supra*, at 8-9, functional equivalence may be used to establish disability based on a claimant's marked inability to function within two of six domains. As Plaintiff's allegation is limited to one area of domain (A.M.H.'s ability to attend to and complete tasks) discussion is limited to that domain.

Plaintiff contends that the ALJ improperly evaluated A.M.H.'s ability to attend to and complete tasks. Plaintiff's Memorandum at 14-19. In particular, Plaintiff contends that the ALJ inconsistently granted "great weight" to the opinion of A.M.H.'s teachers on the issue of acquiring and using information (finding A.M.H. had a marked limitation in this domain), and less weight to the same teacher opinions on A.M.H.'s ability to attend

to and complete tasks (finding that A.M.H. had a less than marked limitation in this domain).  Plaintiff's Memorandum at 15.  Defendant maintains that the ALJ's finding that A.M.H. had a less than marked limitation in her ability to attend to and complete tasks was supported by substantial evidence including Dr. Santapia's consultative psychiatric evaluation completed on November 7, 2012 (R. 293-96), Dr. Meyer's childhood disability evaluation of A.M.H. completed on November 28, 2012 (R. 306-09), and teacher questionnaires completed by Popovich, Murphy and Graves-Cook.  Defendant's Memorandum at 15-19.

**Ability to attend to and complete tasks**

The ability to attend to and complete tasks includes an evaluation of a claimant's ability to focus and maintain attention, begin, carry through, and finish activities, including the pace at which such activities are performed, and the ease of alternating between activities.  20 C.F.R. § 416.926a(h).  School-aged children (ages six through 12), like A.M.H., should be able to focus attention in a variety of situations, remember and organize school materials, complete classroom and homework assignments, concentrate on details, not make careless mistakes in their work, change activities and routine without distracting others, stay on task when appropriate, participate in group sports, read alone, complete family chores and transitive tasks like getting ready for the bus without extra reminders and accommodation.  20 C.F.R. § 416.926a(h)(2)(iv).

A child has a "marked limitation" in a domain when the impairment interferes seriously with the ability to independently initiate, sustain, or complete activities.  20 C.F.R. § 416.926a(e)(2)(i).  A child's day-to-day functioning may be seriously limited when the impairment(s) limits only one activity or when the interactive and cumulative

14

effects of the impairment(s) limit several activities.  A "marked limitation" is a limitation that is "more than moderate" but "less than extreme."  It is the equivalent of functioning that one would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean.  20 C.F.R. § 416.926a(e)(2)(i) ("§ 416.926a(e)(2)(i)").  If you are a child of any age (birth to attainment of age 18), you will be deemed to have a "marked" limitation when you have

> [A] valid score that is two standard deviations or more below the mean, but less than three standard deviations, on a comprehensive standardized test designed to measure ability or functioning in that domain, and your day-to-day functioning in domain-related activities is consistent with that score.

20 C.F.R. § 416.926a(e)(2)(iii) ( "§ 416.926a(e)(2)(iii)").

You are considered to have a "marked" impairment in the domain of health and physical well-being if you are frequently ill because of the impairment(s) or have frequent exacerbations of your impairment(s) that result in significant, documented symptoms or signs.  20 C.F.R. § 416.926a(e)(2)(iv) ("§ 416.926a(e)(2)(iv)").

In this case, substantial evidence supports the ALJ's finding that A.M.H. does not have a marked limitation to A.M.H.'s ability to attend to and complete tasks during A.M.H.'s school-aged years.  In particular, during A.M.H.'s psychiatric evaluation with Dr. Santarpia, A.M.H. demonstrated a cooperative manner in answering questions, and was evaluated with the ability to follow and understand age-appropriate directions, complete age-appropriate tasks, maintain appropriate social behavior, respond appropriately to changes in the environment, and interact adequately with peers and adults within normal limits.  (R. 294-95).  Of the 13 activities used to assess a child's ability to attend to and complete tasks, Popovich and Graves-Clark assessed A.M.H. with only four activities wherein A.M.H. demonstrated a very serious problem (*ie.,*

focusing long enough to finish an assigned activity or task, refocusing when necessary, completing class and homework assignments, completing work accurately without mistakes, and working at a reasonable pace to finish on time), and one activity (working at a reasonable pace) wherein A.M.H. demonstrated a serious problem. (R. 242, 251). Graves-Clark reported that A.M.H. required assistance completing assignments independently when required to read the text and usually worked with the help of a second teacher or student. (R. 251). Murphy evaluated A.M.H. with no very serious problems to A.M.H.'s ability to attend to and complete tasks and serious problems in three of 13 activities (focusing long enough to finish assigned activities or tasks, carrying out multi-step instructions, working without distracting herself or others), and only slight problems refocusing when necessary, carrying out single-step instructions and completing work without careless mistakes and no problems sustaining attention during play, waiting to take turns, changing from one activity to another, and organizing school materials. (R. 206). Such opinions while indicative that Plaintiff has some limitations as defined by § 416.926a(e)(2)(i) do not do not support that Plaintiff has a sufficient "marked" limitation within the strict requirement of § 416.926a(e)(2)(i) (*i.e.*, a limitation that is "more than moderate" but "less than extreme."). The ALJ's finding that A.M.H. does not have a marked limitation to A.M.H.'s ability to attend to and complete tasks is therefore supported by substantial evidence. *See Watson ex rel. K.L.W. v. Astrue*, 2008 WL 3200240, at *3 (W.D.N.Y. Aug. 5, 2008) (no marked limitation to attending to and completing tasks where child had minimal problems changing from one activity to another, was able to be redirected, was capable of completing work without making careless mistakes, yet required twice the time to complete tasks); *Watson v.*

16

*Astrue*, 2008 WL 3200240, at *3 (W.D.N.Y. Aug. 5, 2008) (less than a marked limitation to attend to and complete tasks despite difficulty focusing and distractibility when claimant is able to be redirected to tasks); *Morgan v. Barnhart*, 2005 WL 925594, at *14 (S.D.N.Y. Apr. 21, 2005) (less than a marked limitation to attend to and complete tasks despite ADHD diagnosis and being "easily distracted"); *Richardson v. Barnhart,* 338 F.Supp.2d 749, 756, 757-58 (S.D. Tex. 2004) (less than a marked limitation to attend to and complete tasks despite diagnosis of ADHD and special education in select classes); *Duran v. Barnhart*, 2003 WL 103003, at *11 (S.D.N.Y. Jan. 13, 2003) (less than a marked limitation to attend to and complete tasks despite special education classes and the need for "'constant reminders to stay focused' and . . . 'needing to keep [child] on task'").  Plaintiff's motion on this issue should therefore be DENIED; Defendant's motion should be GRANTED.

## **CONCLUSION**

Based on the foregoing, Defendant's motion should be GRANTED; Plaintiff's motion should be DENIED. The Clerk of the Court should be instructed to close the file.

Respectfully submitted,

*/s/ Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     April 3, 2018
           Buffalo, New York

17

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that the Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of the Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

                              */s/ Leslie G.Foschio*

                              LESLIE G. FOSCHIO
                              UNITED STATES MAGISTRATE JUDGE

DATED:     April 3, 2018
              Buffalo, New York